UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA PALUMBO,                    CIVIL ACTION NO. 16-11157-cv

    Plaintiff,                         HON.

V

RANDALL COMMISSARIS and
WAYNE STATE UNIVERSITY,

    Defendant.
_____
LAW OFFICE OF GLEN N. LENHOFF
BY:   GLEN N. LENHOFF  (P32610)
      ROBERT KENT-BRYANT  (P40806)
Attorney for Plaintiff
328 South Saginaw Street
8th Floor, North Building
Flint, Michigan  48502
(810)235-5660
lenhofflaw@usol.com
_____

## COMPLAINT AND JURY DEMAND

No civil action has been previously filed between the parties.

### PARTIES, JURISDICTION AND VENUE

NOW COMES Plaintiff, Theresa Palumbo, by and through her attorney, the Law Office of Glen N. Lenhoff, and hereby complains of Defendants, Randall Commissaris and Wayne State University, as follows.

1

1.     Plaintiff, Theresa Palumbo (hereinafter Plaintiff), is a resident of the State of Illinois.

2.     Defendant Wayne State University (hereinafter "Defendant University") is a public corporation, doing business in the County of Wayne, State of Michigan.

3.     Defendant Randall Commissaris (hereinafter "Defendant Commissaris") is, by information and belief, a resident of the State of Michigan.

4.     The claims Plaintiff asserts in the lawsuit against Defendant University are brought pursuant to Title IX of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act, MCLA §37.2201 et seq.

5.     The claims Plaintiff asserts in this lawsuit against Defendant Commissaris are brought pursuant to 42 USC §1983 and Michigan's Elliott-Larsen Civil Rights Act §37.2201, et seq.

6.     This Court has jurisdiction over this case pursuant to 28 USC §1331, because the case contains federal questions: to wit, the claims asserted under 42 USC §1983 against Defendant Commissaris and under Title IX of the Civil Rights Act of 1964 against Defendant University.

7.    This Court also has jurisdiction over all claims in this case pursuant to 28 USC §1332, because Defendants and Plaintiff are residents of different states.

8.    Venue is proper in the Eastern District of Michigan Southern Division pursuant to 28 USC §1391(a)(1), as Defendants are citizens of Michigan; and 28 USC §1391(a)(2), as the events giving rise to Plaintiff's claims occurred within the Eastern District of Michigan, Southern Division.

9.    The amount in controversy exceeds $75,000.00.

### GENERAL ALLEGATIONS

10.    On or about January 7, 2013, Plaintiff began her collegiate career as a student at Wayne State University.

11.    At all times pertinent to this lawsuit, Plaintiff was a student attending Wayne State University.

12.    In May, 2013 Plaintiff began her engagement as an undergraduate research fellow, in which she acted as research assistant.

13.    On or about December, 2013 Plaintiff began paid employment with Defendant University as a research assistant.

13.    At all times pertinent to this lawsuit, Plaintiff's direct supervisor when she was employed as a research assistant at Defendant University was Defendant Commissaris.

3

14.   Defendant Commissaris was, at all times pertinent to this lawsuit, an Associate Professor in Defendant University's Department of Pharmaceutical Sciences.

15.   Plaintiff's educational goal, before the wrongful acts committed by Defendants occurred, was to obtain her degree through Defendant University's Department of Pharmaceutical Sciences and become a pharmacist.

16.   During the course of Plaintiff's employment with Defendant University, Defendant Commissaris created in Plaintiff's workplace a sexually hostile work environment.

17.   Specifically, during Plaintiff's employment, Defendant Commissaris sent Plaintiff many letters, texts and emails professing his romantic attraction to, and romantic interest in, Plaintiff.

18.   In December 2014, Defendant hugged Plaintiff against her will and told her that he had romantic feelings for her.  As an employee and as a student, this made Plaintiff extremely uncomfortable.

19.  Plaintiff thereupon told Defendant Commissaris she did not want to have a romantic relationship with him.  She told Defendant Commissaris she wanted only a professional relationship with him.

4

20.   Despite the foregoing, Defendant Commissaris continued his efforts to involve Plaintiff in a romantic relationship with him.

21.   In January 2015, Defendant Commissaris asked Plaintiff if he could visit her at her part time job as a bartender, which was off campus. This made Plaintiff extremely uncomfortable.

22.   On February 11, 2015, Defendant attempted to persuade Plaintiff to attend a bioengineering conference with him. Plaintiff refused.

23.   On February 14, 2015, Defendant attempted to persuade Plaintiff to attend an orchestra concert with him.  Plaintiff refused.

24.   On February 19, 2015, Defendant Commissaris attempted to persuade Plaintiff to go out drinking with him.  Plaintiff refused.

25.   On March 6, 2015, Defendant Commissaris wrote Plaintiff a lengthy email, in which he stated Plaintiff had deeply hurt him by rebuffing his romantic advances.

26.   On March 13, 2015, Plaintiff through her academic advisor, complained of sexual harassment to Defendant's Office of Equal Opportunity.

27.   Nonetheless, Defendant Commissaris' sex harassment continued, with Defendant University doing nothing to stop it.

28. On March 14, 2015, Defendant wrote to Plaintiff, "Well, I will not just go away.  You know how I feel about you and until I see for myself, looking into your eyes, that I am wrong about your feelings, I will believe that you feel the same about me."

29.   In April 2015, after Plaintiff cut off all contact with Defendant Commissaris, he began emailing her relatives in an attempt to reestablish contact with Plaintiff.

30.   These efforts included an email to Plaintiff's brother, which also contained a copy of Plaintiff's initial Office of Equal Opportunity sex harassment complaint.

31.   In April 2015, Defendant Commissaris wrote Plaintiff an extensive note, in which he informed Plaintiff that she was the "catalyst" in his decision to leave his wife.

32.   Based on the foregoing, Plaintiff determined her workplace was too sexually offensive to continue employment as a research assistant.

33.   Furthermore, Plaintiff determined that, although on February 18, 2015 she had been accepted into Defendant University's pharmacy program, she had to enroll elsewhere to pursue her dream of becoming a pharmacist.

34.   Plaintiff was forced to enroll at another university because Defendant Commissaris taught several classes that Plaintiff would need to take to achieve her degree in Pharmacy at Defendant University.

35.   Plaintiff ultimately enrolled at Roosevelt University in Schaumburg, Illinois.

36.   Roosevelt University has a far less prestigious pharmacy program than the program offered at Defendant University.

37.   On October 7, 2015, seven months after Plaintiff made her sex harassment complaint, Defendant University's Office of Equal Opportunity issued its "Notice of Disposition" with regard to Plaintiff's aforementioned Sex Harassment Complaint.

38.   The belated report found that, "Because of respondent's continued overtures towards her, complainant (Plaintiff) was made so uncomfortable by him (Commissaris) that she avoided him as much as she could avoid him."

39.   The foregoing Notice of Disposition also found that Plaintiff felt she was unable to continue her education at Wayne State University because of Defendant Commissaris' sexually harassing behavior.

40.   As a result of the foregoing harassment, both in the employment and educational settings, Plaintiff was forced to terminate her

employment and educational careers at Defendant University, thereby suffering substantial economic and emotional distress damages.

### COUNT I.  42 USC §1983 EQUAL PROTECTION CLAUSE SEX HARASSMENT OFFENSIVE EMPLOYMENT ENVIRONMENT CLAIM AGAINST DEFENDANT COMMISSARIS

41.    Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs.

42.    Defendant Commissaris' conduct and communication, as stated above, had the purposed effect of substantially interfering with Plaintiff's employment and creating an intimidating, hostile and offensive sex-based employment environment for Plaintiff.

43.    Defendant Commissaris knew, or should have known, that said sexual harassment was occurring and did nothing to stop it.

44.    Therefore, Plaintiff hereby asserts a 42 USC §1983 Equal Protection Clause Offensive Employment Environment Sex Harassment claim against Defendant Commissaris.

### COUNT II.  PLAINTIFF'S 42 USC §1983 EQUAL PROTECTION CLAUSE QUID PRO QUO SEX HARASSMENT IN THE WORKPLACE CLAIM AGAINST DEFENDANT COMMISSARIS

45.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

46.     Because Plaintiff refused a sexual relationship with Defendant Commissaris, Defendant Commissaris established a sexually offensive work environment to such as extent that it disrupted and made impossible Plaintiff's ability to do her job.

47.     Defendant Commissaris carried out said acts in his capacity as Plaintiff's Supervisor with regard her employment with Defendant University.

48.     The aforementioned circumstances resulted in Plaintiff's constructive discharge from her employment.

49.     Therefore, Plaintiff asserts a 42 USC §1983 Equal Protection Clause Quid Pro Quo Sex Harassment claim against Defendant Commissaris.

### COUNT III.  PLAINTIFF'S MCLA § 37.2202 SEX HARASSMENT OFFENSIVE EMPLOYMENT ENVIRONMENT CLAIM AGAINST DEFENDANT COMMISSARIS

50.     Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

51.     Defendant Commissaris' conduct and communications, as stated above, had the purposed effect of substantially interfering with Plaintiff's employment, and created an intimidating, hostile and offensive sex-based employment environment for Plaintiff.

52.    Defendant Commissaris knew, or should have known, that his conduct created a sexually hostile environment, but did nothing to stop it.

53.    Therefore, Plaintiff asserts an MCLA §37.2202 Offensive Environment Sexual Harassment claim against Defendant.

## COUNT IV.  PLAINTIFF'S MCLA §37.2202 QUID PRO QUO SEX HARASSMENT IN THE WORKPLACE CLAIM AGAINST DEFENDANT COMMISSARIS

54.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

55.    Because Plaintiff refused the sexual advances of Defendant Commissaris, Defendant Commissaris made Plaintiff's work life miserable by beclouding her work environment with sexual conduct and thereby disrupting her ability to do her job.

56.    Because Plaintiff refused his sexual advances, Defendant Commissaris altered Plaintiff's work environment to such as extent as to constructively discharge Plaintiff from her employment.

57.    Defendant Commissaris carried out the said acts in his capacity as Plaintiff's supervisor with regard to her employment with Defendant.

58.    Therefore, Plaintiff hereby asserts MCLA §37.2202 Quid Pro Quo Sex Harassment in the Workplace Claim against Defendant Commissaris.

## COUNT V.  PLAINTIFF'S MCLA §37.2402 OFFENSIVE EDUCATIONAL ENVIRONMENT SEX HARASSMENT CLAIM AGAINST DEFENDANT COMMISSARIS

59.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

60.    Defendant Commissaris' conduct and communications as stated above had the purpose and effect of substantially interfering with Plaintiff's education and created an intimidating, hostile and offensive sex-based educational environment for Plaintiff.

61.    Defendant Commissaris knew, or should have known, that he created the aforesaid offensive educational environment, but did nothing to stop it.

62.    Therefore, Plaintiff asserts an MCLA §37.2402 Offensive Educational Environment Sex Harassment Claim against Defendant Commissaris.

## COUNT VI.  PLAINTIFF'S MCLA § 37.2402 QUID PRO QUO SEXUAL HARASSMENT IN THE EDUCATIONAL SETTING CLAIM AGAINST DEFENDANT COMMISSARIS

63.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

64.    Because Plaintiff refused to enter into a sexual relationship with Defendant Commissaris, Defendant Commissaris made Plaintiff's

educational life intolerable by beclouding her educational environment with sexual conduct and disrupting her ability to continue to attend Wayne State University as a student.

65.    The aforestated circumstances so altered Plaintiff's educational environment that she was forced to abandon her education at Wayne State University and pursue a pharmacy degree elsewhere.

66.  Defendant Commissaris carried out said acts in his capacity as an Associate Professor at Wayne State University.

67.    Therefore, Plaintiff hereby asserts an MCLA §37.2402 Quid Pro Quo Sexual Harassment in the Educational Environment Claim against Defendant Commissaris.

### COUNT VII.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST DEFENDANT COMMISSARIS

68.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

69.  The conduct described above committed by Defendant Commissaris is outrageous.

70.    Defendant engaged in said conduct intentionally and with recklessness.

71.    Said conduct proximately caused Plaintiff to suffer extreme emotional distress.

12

72.    Therefore, Plaintiff hereby asserts an Intentional Infliction of Emotional Distress claim against Defendant Commissaris.

### COUNT VIII.  PLAINTIFF'S OFFENSIVE ENVIRONMENT IN THE EDUCATIONAL SETTING SEX HARASSMENT CLAIM AGAINST DEFENDANT UNIVERSITY, PURSUANT TO TITLE IX OF THE CIVIL RIGHTS ACT OF 1964

73.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

74.    Defendant Commissaris' conduct and communications as stated above had the purpose and effect of substantially interfering with Plaintiff's education, and created an intimidating, hostile and offensive sex-based educational environment for Plaintiff.

75.    Defendant University knew, or should have known, the said sex harassment was occurring, and took inadequate measures to stop it.

76.    Therefore, Plaintiff hereby asserts an offensive environment in the educational setting sex harassment claim against Defendant University pursuant to Title IX of the Civil Rights Act of 1964.

### COUNT IX.  PLAINTIFF'S QUID PRO QUO SEXUAL HARASSMENT CLAIM AGAINST DEFENDANT UNIVERSITY, PURSUANT TO TITLE IX OF THE CIVIL RIGHTS ACT OF 1964

77.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

78.    Because Plaintiff refused to engage in a romantic relationship with Defendant Commissaris, Defendant Commissaris made Plaintiff's educational environment sexually offensive.

79.    Defendant Commissaris thus altered Plaintiff's educational environment to such an extent that Plaintiff was forced to leave the university and pursue her dream of becoming a pharmacist at another university.

80.    Under the circumstances, Defendant University is vicariously liable for the Quid Pro Quo sexually harassing behavior of Defendant Commissaris, as Defendant Commissaris carried out said act in his capacity as an associate professor employed by Defendant University.

81.    Therefore, Plaintiff asserts a Quid Pro Quo Sexual Harassment Claim against the Defendant University pursuant to Title IX of the Civil Rights Act of 1964.

### COUNT X.  PLAINTIFF'S MCLA §37.2202 OFFENSIVE EMPLOYMENT ENVIRONMENT SEXUAL HARASSMENT CLAIM AGAINST DEFENDANT UNIVERSITY

82.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

83.    Defendant Commissaris' conduct and communication as stated substantially interfered with Plaintiff's employment with Defendant

14

University by creating an intimidating, hostile and offensive sex-based employment environment for Plaintiff.

84.    Defendant University knew, or should have known, that the said sex harassment was occurring and took inadequate measures to stop it.

85.    Therefore, Plaintiff asserts a MCLA §37.2202 Offensive Environment in the Employment Setting Sex Harassment claim against Defendant University.

## COUNT XI.  PLAINTIFF'S MCLA §37.2202 QUID PRO QUO SEX HARASSMENT IN THE WORKPLACE CLAIM AGAINST DEFENDANT UNIVERSITY

86.    Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

87.    Because Plaintiff refused the sexual advances with Defendant Commissaris, Defendant Commissaris beclouded her work environment with sexual conduct and thereby disrupted her ability to do her job.

88.    Because Plaintiff refused his sexual advances, Defendant Commissaris altered Plaintiff's work environment to such as extent as to constructively discharge Plaintiff from her employment.

89.    Defendant Commissaris carried out the said acts in his capacity as Plaintiff's supervisor in her employment with Defendant University.

90.   Therefore, Plaintiff hereby asserts MCLA §37.2202 Quid Pro Quo Sex Harassment in the Workplace Claim against Defendant.

### COUNT XII.  PLAINTIFF'S MCLA §37.2402 OFFENSIVE EDUCATIONAL ENVIRONMENT SEX HARASSMENT CLAIM AGAINST DEFENDANT UNIVERSITY

91.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

92.   Defendant Commissaris' conduct and communications as stated above had the purpose and effect of substantially interfering with Plaintiff's education and created an intimidating, hostile and offensive sex-based educational environment for Plaintiff.

93.   Defendant University knew, or should have known, that the said sex harassment was occurring and took inadequate measures to stop it.

94.   Therefore, Plaintiff asserts an MCLA §37.2402 Offensive Educational Environment Sex Harassment Claim against Defendant University.

### COUNT XIII.  PLAINTIFF'S MCLA S 37.2402 QUID PRO QUO SEXUAL HARASSMENT IN THE EDUCATIONAL SETTING CLAIM AGAINST DEFENDANT UNIVERSITY

95.   Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs.

96.    Because Plaintiff refused the sexual advances of Defendant Commissaris, Defendant Commissaris beclouded her educational environment with sexual conduct and disrupted her ability to continue to attend Wayne State University.

97.    Said circumstances altered Plaintiff's educational environment to such an extent that she was forced to abandon her education at Wayne State University and pursue a pharmacy degree elsewhere.

98.  Defendant Commissaris carried out said acts in his capacity as an Associate Professor at Wayne State University, and Defendant University is therefore vicariously liable for his illegal actions.

99.    Therefore, Plaintiff hereby asserts an MCLA §37.2402 Quid Pro Quo Sex Harassment in the Educational Setting Claim against Defendant.

WHEREFORE, Plaintiff prays for a judgment against Defendant in damages, including punitive damages and all other damages awardable under the law, in an amount the jury deems just, together with costs, interest and allowable attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-captioned case as guaranteed by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: _____          /s/Glen N. Lenhoff_____
                                GLEN N. LENHOFF (P32610)
                                Law Office of Glen N. Lenhoff
                                Attorney for Plaintiff

Dated: _____          /s/Robert D. Kent-Bryant_____
                                ROBERT D. KENT-BRYANT (P40806)
                                Law Office of Glen N. Lenhoff
                                Attorney for Plaintiff
                                328 South Saginaw Street
                                8th Floor, North Building
                                Flint Michigan  48502
                                lenhofflaw@usol.com

G:\CLIENTS\Palumbo, Theresa\complaint.doc