UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA PALUMBO,

    Plaintiff,

v.

RANDALL COMMISSARIS and WAYNE
STATE UNIVERSITY,

    Defendants.
                                          /

Case No. 2:16-cv-11209

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING MOTION FOR
PROTECTIVE ORDER [19] WITHOUT PREJUDICE**

Plaintiff Theresa Palumbo brought a complaint against Defendants Randall Commissaris and Wayne State University. She alleged causes of action based on 42 U.S.C. § 1983, Mich. Comp. Laws §§ 37.2202, 2402, intentional infliction of emotional distress, and Title IX of the Civil Rights Act of 1964. Two weeks after the close of discovery, Palumbo sought a protective order from the Court. For the reasons stated below, the Court will deny the motion.

**BACKGROUND**

Palumbo was a student at Wayne State studying to become a pharmacist. In 2013, she began to work as a research assistant for Commissaris, an assistant professor in Wayne State's College of Pharmacy and Health Sciences. In 2014, Palumbo took a class taught by Commissaris. Palumbo alleges that Commissaris engaged in a pattern of sexual harassment that began in December 2014 and continued for more than a year. Palumbo complained about the harassment to Wayne State's Department of Equal Opportunity in March 2015. The University addressed her complaint seven months later. Based on Commissaris's behavior and the University's failure to remedy the situation, Palumbo

alleges that she could not continue to work in her position as a research assistant; she accepted enrollment in a Pharmacy program at a less prestigious university; and she suffered economic and emotional distress damages.

Palumbo filed suit against Commissaris and Wayne State. During discovery, the Defendants asked Palumbo to produce

> [a]ll social networking pages and ESI in Plaintiff's possession, custody, or control from any and all social networking websites patronized by Plaintiff at any time after January 1, 2014 through the present, including, but not limited to, *Facebook, Twitter, Instagram, Snapchat and LinkedIn*, which relate to Plaintiff's activities, health, social life, or work opportunities. This request specifically includes, but is not limited to, any responsive communications, messages, or postings in social media areas that are designated as private or otherwise restricted from public access.

ECF 20-10, PgID 301–02. Palumbo objected that the request was "overbroad and not reasonably calculated to lead to discoverable evidence." ECF 20-13, PgID 315. "Without waiving [her] objection," Palumbo produced "Exhibit 1" which contained emails to and from Palumbo and Commissaris. *Id.*

After Palumbo failed to produce any social media responsive to their request, Defendants reminded her—several times over the course of a month—of the outstanding request. *See* ECF 20-14, 20-15, 20-16. Palumbo stated that she intended to produce some Facebook material. ECF 20-3, PgID 221. Nine days after the close of discovery, she produced 20 pages of mostly redacted Facebook pages, along with additional objections to Defendants' request. ECF 20-17. The same day, she sent an email to Defendants that stated "absence [sic] concurrences, we will be filing a motion for protective order. We are seeking a protective order to limit access to Plaintiff's social media account to statements concerning the then-existing state of her physical or mental health, and job opportunities.

2

I will be filing said motion within 24 hours, unless I receive your concurrence before then." ECF 20-19, PgID 363. The email never reached Defendants because it was misaddressed. *Id.* (mistakenly addressing email to "kcser@kerr-russel.com" rather than "kcser@kerr-russell.com"). Palumbo's motion for protective order followed the next day.

## DISCUSSION

Prior to filing a motion in the Eastern District of Michigan, a movant must conduct a conference with opposing counsel to "ascertain whether the contemplated motion . . . will be opposed." E.D. Mich. L.R. 7.1(a)(1). If opposing counsel concurs, the parties may file a stipulated order. *Id.* If opposing counsel does not concur, then the movant may file the contemplated motion. *Id.* at 7.1(a)(2). The movant must state in the motion, however, either "there was a conference between attorneys . . . in which the movant explained the nature of the motion . . . and its legal basis and requested but did not obtain concurrence," or that despite reasonable efforts specified in the motion, "the movant was unable to conduct a conference." *Id.* Additionally, the Court's practice guidelines require that "parties must seek concurrence in all motions before they are filed, by speaking in person or on the telephone with opposing counsel. Failure to seek concurrence or adhere to [Local Rule 7.1(a)] may result in the Court striking the motion." And the Federal Rules of Civil Procedure likewise require counsel to seek concurrence: a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).

Here, Palumbo's motion states that "Defendants have not concurred in the relief sought in this Motion, thus necessitating this Motion." ECF 19, PgID 116. But she did not conduct—or attempt to conduct—a telephonic or in-person conference to explain to the

3

Defendants the nature and legal basis of the motion. Instead, Palumbo sent an email to Defendants that was never received because it was misaddressed. ECF 20-19, PgID 363 (email from Plaintiff to Defendants); ECF 20-18, PgID 359 (email from Defendants to Plaintiff noting that email seeking concurrence had not been received).

The Court's "in person or by telephone" conference requirement exists to prevent exactly this sort of miscommunication. Moreover, the Court's practice guidelines, the Local Rules, and the Federal Rules are not pro forma, nor are they optional. Rather, they require the parties to work together to resolve discovery disputes before asking the Court to intervene. Counsel's adherence to these rules thus ensures the efficient use of judicial resources. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Tubbs Bros. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451, at *1 (E.D. Mich. July 27, 2012) (denying motion without prejudice because the movant failed to adhere to Local Rule 7.1).

Accordingly, the Court will deny without prejudice Palumbo's Motion for Protective Order. Since the parties are scheduled for a settlement conference in less than a month, the Court intends to refer any future discovery motions to the Magistrate Judge conducting the conference.

**WHEREFORE**, it is hereby **ORDERED**, that Plaintiff's Motion for Protective Order [19] is **DENIED** without prejudice.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Court Judge

Dated: May 23, 2017

CERTIFICATE OF SERVICE

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2017, by electronic and/or ordinary mail.

                                                s/David P. Parker
                                                Case Manager